**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Adalberto Lara PORTELA, also known as Daniel Rodriguez; also known as Sergio Maza–Sosa, Defendant–Appellant.**

No. 05–6354.

United States Court of Appeals, Sixth Circuit.

Argued: Oct. 23, 2006.

Decided and Filed: Nov. 21, 2006.

**ARGUED:** Clifton L. Corker, Johnson City, Tennessee, for Appellant. Perry H. Piper, Assistant United States Attorney, Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Clifton L. Corker, Johnson City, Tennessee, for Appellant. Nancy Stallard Harr, Assistant United States Attorney, Greenville, Tennessee, for Appellee.

Before: MARTIN and COOK, Circuit Judges; BERTELSMAN, District Judge.*

## OPINION

COOK, Circuit Judge.

Adalberto Lara Portela challenges his 94–month sentence for possessing cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and for violating 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2) related to the illegal reentry of removed aliens. Portela contends that the district court erroneously enhanced his sentence because his prior Tennessee conviction for vehicular assault was not a "crime of violence" under United States Sentencing Guideline § 2L1.2(b)(1)(A)(ii). We agree, vacate the sentence, and remand for resentencing.

I

Portela stipulated to the facts against him, namely, that he possessed 500 or more grams of cocaine with the intent to distribute it and that he was a removed alien found in the United States. He also stipulated to a prior state-court conviction for "vehicular assault." Under Tennessee law, "[a] person commits vehicular assault, who, as the proximate result of the person's intoxication ... recklessly causes

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

serious bodily injury to another person by the operation of a motor vehicle." Tenn. Code Ann. § 39–13–106(a). Concluding that Portela's Tennessee conviction was for a "crime of violence," the court enhanced his sentence by sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii) ("If the defendant previously was deported, or unlawfully remained in the United States, after— (A) a conviction for a felony that is . . . (ii) a crime of violence . . . increase by 16 levels."). The district court rejected Portela's argument that vehicular assault is not a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). On appeal, Portela renews this argument.

## II

■ We review a district court's construction of the sentencing guidelines de novo. *United States v. Ibarra–Hernandez*, 427 F.3d 332, 334 (6th Cir.2005).

The commentary to U.S.S.G. § 2L1.2(b)(1) states that "crime of violence"

> means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, *or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.*

(emphasis added). To understand what crimes the italicized catch-all clause encompasses, we consult cases examining 18 U.S.C. § 16(a), where identical language appears. *See Leocal v. Ashcroft*, 543 U.S. 1, 6–7, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004); *see also United States v. Perez–Vargas*, 414 F.3d 1282, 1286 n. 3 (10th Cir.2005) (noting the definition of "crime of violence" under 18 U.S.C. § 16 is, in rele-

vant part, "identical to the one found in USSG § 2L1.2").

In *Leocal*, 543 U.S. at 4, 125 S.Ct. 377, the Supreme Court considered whether the Florida crime of driving under the influence of alcohol and causing serious bodily injury was a "crime of violence" under 18 U.S.C. § 16. It examined the statutory language of § 16(a) and noted that the word "use"—as in "has as an element the use, attempted use, or threatened use"—"requires active employment." *Id.* at 9, 125 S.Ct. 377. In other words,

> [w]hile one may, in theory, actively employ *something* in an accidental manner, it is much less natural to say that a person actively employs physical force against another person by accident. Thus, a person would "use . . . physical force against" another when pushing him; however, we would not ordinarily say a person "use[s] . . . physical force against" another by stumbling and falling into him.

*Id.* Thus, this language "most naturally suggests a higher degree of intent than negligent or merely accidental conduct," *id.*, and an offense (like the Florida offense in Leocal) that "does not require proof of any particular mental state," *id.* at 7, 125 S.Ct. 377, and that "appear[s] to require only proof that the person acted negligently in operating the vehicle," *id.* at 8, 125 S.Ct. 377, does not qualify as a "crime of violence" under § 16(a). *Id.* at 10, 125 S.Ct. 377.

As additional support, the Court cited § 101(h) of the Immigration and Nationality Act (INA), which defines a "serious criminal offense," in relevant part, as "(2) any crime of violence, as defined in section 16 of title 18; *or* (3) any crime of reckless driving or of driving while intoxicated or under the influence of alcohol or of prohibited substances if such crime involves personal injury to another." *Id.* at 12, 125

S.Ct. 377. Unwilling to believe that Congress included a redundant provision in the INA, the Court concluded that the third clause must mean something different than the second clause—this reinforced its conclusion that a DUI offense requiring only proof of negligence is not a "crime of violence" under 18 U.S.C. § 16. *Id.*

Left open by *Leocal*—and relevant here—is "whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16." *Id.* at 13, 125 S.Ct. 377. Since *Leocal*, two of our sister circuits have held that it does not.

In *Oyebanji v. Gonzales*, 418 F.3d 260, 261 (3d Cir.2005), the Third Circuit (per then-Judge Alito) held that a New Jersey vehicular homicide conviction—which only required a mental state of recklessness— was not a conviction for a "crime of violence" under 18 U.S.C. § 16.[1] *See also Singh v. Gonzales*, 432 F.3d 533, 540 (3d Cir.2006) (Pennsylvania offense of recklessly endangering another person is not a crime of violence). The Third Circuit relied on *Leocal's* repeated statements that the "accidental" use of force does not satisfy 18 U.S.C. § 16. *Oyebanji*, 418 F.3d at 263–64; *see also Leocal*, 543 U.S. at 9–11, 125 S.Ct. 377.

Similarly, in *Bejarano–Urrutia v. Gonzales*, 413 F.3d 444, 445 (4th Cir.2005), the Fourth Circuit held that a drunk driver's conviction for reckless involuntary manslaughter was not a "crime of violence" conviction under 18 U.S.C. § 16. *See also Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir.2006) (Reckless assault is not a "crime of violence" under § 16(a) because it "does

not contain an element that there be the intentional employment of physical force. . . ."). The Fourth Circuit noted that *Leocal's* reasoning regarding the "use" of force "strongly indicates that the result in *Leocal* would have been the same even had a violation of the statute there at issue required recklessness rather than mere negligence." *See Bejarano–Urrutia*, 413 F.3d at 447.

We now follow the "considered dicta" of *Leocal*, *see United States v. Marlow*, 278 F.3d 581, 588 n. 7 (6th Cir.2002), and the reasoning of our two sister circuits to hold that a crime requiring only recklessness does not qualify as a "crime of violence" under 18 U.S.C. § 16. Because the catch-all clause of U.S.S.G. § 2L1.2(b)(1) uses identical language, Portela's conviction for reckless vehicular assault is not a "crime of violence" under that clause, and because it is not, the district court lacked support for its 16–level increase in Portela's sentence.

Nor can the 16–level increase be sustained, as the government argues, via the enumerated list of crimes in § 2L1.2(b)(1). Though the government acknowledges that vehicular assault is not listed, it urges the court to analogize to aggravated assault under Tenn.Code Ann. § 39–13–102(a)(2) because "aggravated assault" is an enumerated offense under § 2L1.2(b)(1). But enumerated offenses, not crimes analogous to enumerated offenses, trigger the enhancement. We reject this attempt to "shoehorn[ ] [Portela's crime] into statutory sections where it does not fit." *Leocal*, 543 U.S. at 13, 125 S.Ct. 377.

---

1. Although the parties in *Oyebanji* agreed that the crime did not fall under § 16(a), *Oyebanji's* analysis of § 16(b)'s state of mind requirement applies equally to § 16(a). *See Leocal*, 543 F.3d at 11, 125 S.Ct. 377 (finding that § 16(a) and § 16(b) have the same mens rea requirement); *Oyebanji*, 418 F.3d at 263 ("[T]his concept is incorporated into both subsections (a) and (b) of 18 U.S.C. § 16.").

## III

For these reasons, we vacate Portela's sentence and remand for resentencing.