**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008
Decided October 3, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2093

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> ROBERTO VALADEZ-MARTINEZ, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:08CR00010-001 <br><br> Larry J. McKinney, <br> *Judge.* |

**O R D E R**

Roberto Valadez-Martinez was found in Indiana just weeks after being deported for the third time to his native Mexico. Since 1980 when he was first deported, Valadez-Martinez has used roughly six social security numbers and forty-four aliases. He pleaded guilty to being present again in the United States without authorization, *see* 8 U.S.C. § 1326(a), and was sentenced at the high end of the guidelines range to ninety-six months' imprisonment and three years' supervised release. Valadez-Martinez filed a notice of appeal, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Valadez-Martinez to respond to counsel's submission, *see* CIR. R. 51(b), but he has not. We

limit our review to the potential issues identified in counsel's brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Valadez-Martinez does not want us to set aside his guilty plea, so counsel appropriately omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). Counsel instead focuses on the sentence and first questions whether Valadez-Martinez could argue that the district court erred by increasing his offense level by sixteen levels on the ground that he was deported after a conviction for a "crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A). Valadez-Martinez did not object to this increase, so our review would be limited to plain error because he forfeited the argument. *See United States v. Wainwright*, 509 F.3d 812, 815 (7th Cir. 2007); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848-49 (7th Cir. 2005).

Using the 2007 sentencing guidelines, the district court set a base offense level of eight. *See* U.S.S.G. § 2L1.2(a). Valadez-Martinez had been arrested more than thirty times and incurred twenty-two separate convictions. The court concluded that one of those convictions, a 2004 felony conviction in Texas for "injury to a child," *see* TEX. PENAL CODE ANN. § 22.04(a) (Vernon 2003), is a "crime of violence" warranting the sixteen-level increase under § 2L1.2(b)(1)(A). The particular offense is not listed among those that are categorically crimes of violence, so it qualifies only if it constitutes an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). Counsel asserts that force is not an element of this crime, and we agree.

Section 22.04(a) does not have as an element the use or threatened use of force. The act punishes a defendant who causes physical or mental injury to a child. The injury need not be caused by the application of physical force; indeed, a failure to act that results in injury can be punished under the statute. *See, e.g., United States v. Gracia-Cantu*, 302 F.3d 308, 312-13 (5th Cir. 2002); *Patterson v. State*, 46 S.W.3d 294, 301 (Tex. App. 2001) (failing to report children's abduction); *Thornton v. State*, 994 S.W.2d 845, 850-51 (Tex. App. 1999) (failing to timely seek medical attention). Moreover, injury to a child can be a felony under the Texas statute even if the defendant's conduct was not intentional, *see* TEX. PENAL CODE ANN. § 22.04(f) (Vernon 2003) ("When the conduct is engaged in recklessly it shall be a state jail felony."); *id.* § 22.04(g) ("An offense under Subsection (a) when the person acts with criminal negligence shall be a state jail felony."); *Otting v. State*, 8 S.W.3d 681, 690 (Tex. App. 1999). In this case, the government made no effort to establish through permissible sources that Valadez-Martinez was convicted under the subsection having intentional conduct as an element. *See Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004) (explaining that 18 U.S.C. § 16(a), which defines "crime of violence" to mean "an offense that has an element the use,

attempted use, or threatened use of physical force against the person or property of another," does not encompass negligent or accidental conduct); *United States v. Zuniga-Soto*, 527 F.3d 1110, 1123-24 (10th Cir. 2008) (relying on *Leocal* in holding that "*mens rea* of recklessness does not satisfy use of physical force requirement under § 2L1.2's definition of 'crime of violence'"); *United States v. Portela,* 469 F.3d 496, 499 (6th Cir. 2006) (same). Therefore, a conviction under Texas Penal Code § 22.04(a) is not a "crime of violence," and this conviction should not have been used to increase Valadez-Martinez's offense level.

As counsel explains, however, the district court's mistake does not matter because Valadez-Martinez also has a 1978 conviction for burglary of a habitation that qualifies as a crime of violence. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Although this conviction is thirty years old and thus did not contribute to the calculation of Valadez-Martinez's category VI criminal history, *see* U.S.S.G. § 4A1.2(e), there is no corresponding age limit for convictions that trigger an increase under § 2L1.2(b), *see id.* cmt. 1(B)(vii), cmt. 6; *United States v. Olmos-Esparza,* 484 F.3d 1111, 1116 (9th Cir. 2007); *United States v. Torres-Duenas*, 461 F.3d 1178, 1182 (10th Cir. 2006); *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1313 (11th Cir. 2005); *United States v. Gonzales*, 112 F.3d 1325, 1331 (7th Cir. 1997). A misapplication of the guidelines that had no effect on the choice of sentence is harmless, *Williams v. United States*, 503 U.S. 193, 203 (1992), *United States v. Schuster*, 467 F.3d 614, 620 (7th Cir. 2006), and thus counsel is correct that any contention about the basis for the sixteen-level increase would be frivolous.

Counsel next considers whether Valadez-Martinez might argue that his prison sentence is unreasonable because of the Southern District of Indiana lacks a "fast track" program. Fast-track sentencing began in states bordering Mexico where defendants who waive procedural rights and quickly plead to immigration offenses benefit with a lower sentence. *See United States v. Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005). Fast-track programs have expanded to other regions, *id.* at 1127 n.1, but are open only to defendants with a minimal criminal history and only on the government's motion. *See* Paul W. Hahn, *Responding to the Fast-Track Disparity Argument*, 54 U.S. Att'ys' Bull. 11, 15-16 (noting varying standards including the exclusion of aliens previously convicted of a crime of violence, those whose prior imprisonment has totaled at least ten years, and those with at least ten criminal history points); U.S.S.G. § 5K3.1 (conditioning eligibility on motion from government). In this case, because of Valadez-Martinez's extensive criminal history, the government recommended a sentence at the high end of the guidelines range. After entertaining arguments for a lower sentence, including the contention that Valadez-Martinez ought to receive the same breaks as defendants facing immigration charges in other districts, the district court imposed a term at the high end of the guidelines range.

We agree with counsel that it would be a frivolous to further pursue his fast-track argument. We have rejected the idea that a sentence can be unreasonable just because the district where it was imposed does not have a fast-track program. *E.g., United States v. Pacheco-Diaz,* 506 F.3d 545, 552 (7th Cir. 2007). The Supreme Court's decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), has rekindled debate about whether the absence of a fast-track program can be a factor in the choice of sentence, *compare United States v. Vega-Castillo*, No. 07-12141, 2008 WL 3833826, at *3 (11th Cir. August 19, 2008), *and United States v. Rodríguez*, 527 F.3d 221, 229 (1st Cir. 2008), *with United States v. Gomez-Herrera*, 523 F.3d 554, 562 (5th Cir. 2008), but for Valadez-Martinez the question is irrelevant. His extensive criminal history would have disqualified him from fast-track consideration in any district, *see* Hahn, *supra*, and, moreover, the sentencing court in fact considered and rejected the absence of a fast-track program as a basis for imposing a lower sentence. A district court is never required to *accept* a defendant's arguments for a lower sentence. *United States v. Filipiak*, 466 F.3d 582, 583 (7th Cir. 2006). All that is necessary is that the court consider the factors under 18 U.S.C. § 3553(a) along with any nonfrivolous position advocated by the defendant, which the court did here. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006); *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005).

Finally, counsel questions whether Valadez-Martinez might have a potential claim of ineffective assistance of counsel. As counsel observes, though, ineffective assistance claims are best raised in a proceeding under 28 U.S.C. § 2255 where the record can be fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Spence,* 450 F.3d 691, 694 (7th Cir. 2006).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.