**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0984n.06

No. 13-1088

**FILED**

Nov 14, 2013

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| LORENZO CARMAGO-ANTONIO, aka | ) | |
| Antonio Lorenzo-Camargo, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COOK and STRANCH, Circuit Judges; CARR, District Judge.[*]

PER CURIAM. Lorenzo Carmago-Antonio appeals his jury conviction for illegal reentry. As set forth below, we affirm.

After a one-day trial, a jury convicted Carmago-Antonio, a native and citizen of Mexico, of illegal reentry into the United States by a removed alien in violation of 8 U.S.C. § 1326(a). The district court sentenced Carmago-Antonio to twenty-seven months of imprisonment followed by two years of supervised release. Carmago-Antonio appeals (1) the sufficiency of the evidence to support his conviction and (2) the district court's jury instruction on reasonable doubt.

"Where, as here, a defendant does not move for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, we review the sufficiency of the evidence only for plain error resulting in a 'manifest miscarriage of justice.'" *United States v. Tragas*, 727 F.3d 610, 617–18 (6th

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

Cir. 2013) (quoting *United States v. Frazier*, 595 F.3d 304, 306 (6th Cir. 2010)). "A miscarriage of justice exists only if the record is devoid of evidence pointing to guilt." *Id*. at 618 (internal quotation marks omitted).

To obtain a conviction for illegal reentry in violation of § 1326(a), the government must prove that Carmago-Antonio "was: (1) an alien; (2) who had been deported; (3) and thereafter entered the United States; (4) without the consent of the Attorney General." *United States v. Mendoza-Mendoza*, 239 F. App'x 216, 217 (6th Cir. 2007). Carmago-Antonio contests the third element, asserting that the only evidence of his presence in the United States after his deportation was that Canadian authorities brought him into the United States against his will. Officer Sean David Caywood with U.S. Customs and Border Protection witnessed Canada Border Services agents escorting Carmago-Antonio to the Port Huron, Michigan, port of entry. Upon questioning by Officer Caywood, Carmago-Antonio admitted that he had been in the United States for approximately fifteen years, that he was based in Phoenix, Arizona, where his wife and children lived, and that he was going to Canada because "the immigration laws are tough in Arizona." (Trial Tr. 24-25, 30-31). Accordingly, the record is not devoid of evidence that Carmago-Antonio had been present and living in the United States for some time when he was denied entry into Canada. *See United States v. Ambriz-Ambriz*, 586 F.3d 719, 723 (9th Cir. 2009) (affirming § 1326(a) conviction on similar facts).

Turning to Carmago-Antonio's second issue on appeal, because he did not object to the district court's jury instructions, we review for plain error. *United States v. Newsom*, 452 F.3d 593, 605 (6th Cir. 2006). "In the context of challenges to jury instructions, plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave

miscarriage of justice." *United States v. Semrau*, 693 F.3d 510, 528 (6th Cir. 2012) (internal quotation marks omitted).

According to Carmago-Antonio, the district court's jury instruction on reasonable doubt was erroneous because it did not include the following language from Sixth Circuit Pattern Instruction 1.03(5): "Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives." Instead, the district court instructed the jury as follows:

> A reasonable doubt is a fair, honest doubt growing out of the evidence or lack of evidence, or perhaps the nature of the evidence, and based upon reason and common sense. Ultimately, a reasonable doubt is one that you find to be reasonable after you have carefully and thoughtfully examined and discussed the facts and circumstances present in this case.

(Trial Tr. 119-20). The district court's jury instruction here does not address the near certitude that the reasonable doubt standard anticipates. *See Victor v. Nebraska*, 511 U.S. 1, 15 (1994). And instead of clearly stating the components of reasonable doubt, the instruction "directs the jury to the nature of the evidence, tells them to use their common sense, and then, in a grand display of circularity, 'explains' that a 'reasonable doubt' is '[one that you find] reasonable.'" *Poremba v. Bock*, No. 99-10450-BC, 2003 WL 102632, at *12 (E.D. Mich. Jan. 7, 2003). However, upholding the constitutionality of a similar instruction, we held in a habeas case that the "hesitate to act" language is not required to be included in a reasonable doubt instruction and that a jury instruction which compares a reasonable doubt to a fair, honest doubt "does not suggest to the jury a lowering of the government's burden of proof." *Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). We concluded: "Taken as a whole the instruction informed the jury that it could convict only if the prosecution established guilt beyond a reasonable doubt and that the decision had to be based on a

careful examination of the evidence." *Id.* Given our prior ruling in *Binder*, while the district court's formulation of the jury instruction is not preferred, taken as a whole it did not lower the government's burden of proof and therefore cannot constitute plain error.

For the foregoing reasons, we affirm Carmago-Antonio's illegal reentry conviction.