Opinion by Judge KOZINSKI; Dissent by Judge REINHARDT.
KOZINSKI, Circuit Judge:
ORDER
The opinion and dissent filed on June 17, 2015, and published at 789 F.3d 1065, are hereby withdrawn and replaced by the amended opinion and dissent filed concurrently with this order. With these amendments, Respondent’s motion to amend the published decision is granted. The petition for panel rehearing is denied. Judge Reinhardt would grant it. The petition for rehearing en banc is denied. See Fed. R.App. P. 35. No further petitions for panel rehearing or rehearing en banc will be entertained.
OPINION
Jose Reyes Alberto Ruiz-Vidal, a native and citizen of Mexico, has lived in the United States since August 1976 as a lawful permanent resident, but he hasn’t behaved himself. Among other transgressions, he’s been charged with methamphetamine-related crimes at least twice before and, as a result, has repeatedly faced deportation proceedings. We’re tasked with reviewing his latest dalliance. We consider whether he is removable due to his no contest plea to a lesser included offense when we apply the modified categorical approach.
I.
In 2009, California filed an Information charging Ruiz-Vidal with sale and possession for sale of a controlled substance, which the Information identified as methamphetamine. Ruiz-Vidal pleaded no contest to simple possession — a lesser included offense of the sale charge. He was sentenced to time served and five years felony probation.
The Department of Homeland Security served Ruiz-Vidal with a Notice to Appear, and an Immigration Judge concluded that Ruiz-Vidal was removable because he was convicted of “a controlled substance offense which can be identified as methamphetamine.” He appealed to the Board of Immigration Appeals, which agreed with the Immigration Judge. We review Ruiz-Vidal’s petition to vacate the removal order.
*1052 II.
An alien is removable if the government proves by clear and convincing evidence that he’s been convicted of certain offenses “relating to a controlled substance” covered by the Controlled Substances Act (“CSA”). 8 U.S.C. § 1227(a)(2)(B)(i); see Cabantac v. Holder, 736 F.3d 787, 792 (9th Cir.2013) (per curiam) (as amended). We review whether Ruiz-Vidal was convicted of a controlled substance offense de novo. Cabantac, 736 F.3d at 792. To determine whether an alien’s offense qualifies as one “relating to a controlled substance” covered by the CSA, we compare the elements of the state statute of conviction to the offense as defined by federal law. See Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); Alvarado v. Holder, 759 F.3d 1121, 1126, 1130 (9th Cir.2014).
California Health and Safety Code § 11377(a) is “a divisible statute, and thus, we apply the modified categorical approach” to analyze Ruiz-Vidal’s conviction and determine whether it involved a substance included in the CSA. Coronado v. Holder, 759 F.3d 977, 981 (9th Cir.2014) (as amended); Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1078 (9th Cir.2007) (yep, that’s our guy), abrogation on other grounds recognized by Ragasa v. Holder, 752 F.3d 1173, 1175 (9th Cir.2014) (as amended). Section 11377(a) lists alternative potential offense elements, “some of which are contained in the CSA and some of which are not.” Coronado, 759 F.3d at 984. For example, chorionic gonadotropin isn’t on Schedule III of the CSA, but is on California’s Schedule III. Id. at 983 n. 1; see also Cal. Health & Safety Code § 11056(f)(32). Where a statute is divisible we’re permitted to review certain documents to determine which alternative in the statute applies. Descamps v. United States, - U.S. -, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013).
1. When applying the modified categorical approach, we’re restricted to “consulting] a limited class of documents,” id., to determine whether the defendant was convicted of a crime “relating to a controlled substance” defined by the CSA. Alvarado, 759 F.3d at 1126. In this case, documents we may consider include Ruiz-Vidal’s plea colloquy, the charging information and the clerk’s minute order. See Descamps, 133 S.Ct. at 2283-84; United States v. Leal-Vega, 680 F.3d 1160, 1168 (9th Cir.2012). After we determine the elements of the crime of conviction, we compare them “with the elements of the generic crime,” Descamps, 133 S.Ct. at 2281, as we would under the categorical approach.
Ruiz-Vidal argues that his record of conviction doesn’t identify the controlled substance to which he pleaded-that is, that we can’t tell from looking at the limited class of acceptable documents whether he pleaded to possession of methamphetamine or some other substance, say chorionic go-nadotropin. But Count 1 of the Information charged Ruiz-Vidal with unlawful “SALE OF A CONTROLLED SUBSTANCE, a violation of section 11379(a) of the HEALTH AND SAFETY CODE of California ... to wit: methamphetamine.” (Emphasis added.) Count 1 also includes an allegation that Ruiz-Vidal “possessed for sale/sold 57 grams or more of a substance containing methamphetamine.”
At his plea colloquy, Ruiz-Vidal confirmed that he was pleading no contest to the lesser included offense of Count 1 of the Information, not’just to an untethered violation of § 11377(a) (possession). The court asked for Ruiz-Vidal’s plea “to the lesser included to Count 1, a violation of Health and Safety Code Section 11377(a),” and Ruiz-Vidal responded “[n]o contest.” *1053 The court then made a finding of guilt, and the government indicated that the “remainder of the complaint would be dismissed.” (Emphasis added.)
The court’s minute order — another document that’s permissible to review under the modified categorical approach, see Leal-Vega, 680 F.3d at 1168 — confirms that Ruiz-Vidal pleaded to the lesser included offense of Count 1. It states that Ruiz-Vidal entered a plea to the “lesser included/reasonably related offense” of “Count 1” and indicates that Ruiz-Vidal stipulated that a factual basis existed for the plea. Where a minute order specifies that a defendant pleaded to a specific “count of the criminal complaint or indictment, we can consider the facts alleged in that count.” Cabantac, 736 F.3d at 794.
And when a defendant references a specific count during his plea colloquy, we can also consider the drug listed in the charging document. See id. Furthermore, a plea referencing a “to wit” count in a charging document suffices to establish the controlled substance for removal purposes. See Leal-Vega, 680 F.3d at 1168-69; United States v. Valdavinos-Torres, 704 F.3d 679, 687-88 (9th Cir.2012). In Leal-Vega, for example, the defendant pleaded guilty to “Count 1” of the complaint, which stated that he possessed “for purpose of sale a controlled substance, to wit, TAR HEROIN.” 680 F.3d at 1168 (emphasis omitted). We found the conviction to be for a drug trafficking offense because the minute order stated that the conviction was for Count 1. Id. at 1168-69. Similarly, in Valdavinos-Torres, we held that a defendant’s conviction was an aggravated felony for purposes of removal after reviewing a plea form indicating that he’d “pled guilty to Count Two,” which the complaint described as possession for “sale [of] a controlled substance, to wit, Methamphetamine.” 704 F.3d at 687-88. Thus, Ruiz-Vidal’s plea — which references a specific count in the Information — and the Information, which references a specific controlled substance, provide clear and convincing evidence that Ruiz-Vidal was convicted of a removable offense.
2. Ruiz-Vidal further argues that we can’t consider the reference to methamphetamine in the Information because, by pleading no contest to a lesser included offense, he “pled to an offense different from the one charged.” In essence, he argues that possession of another controlled substance, say chorionic gonadotro-pin, could be a lesser included offense of the sale of methamphetamine charge.
But, in addition to asking us to overlook his plea’s specific reference to Count 1, Ruiz-Vidal ignores the meaning of “lesser included offense.” Although it “is ancient doctrine ... that a defendant cannot be held to answer a charge not contained in the indictment,” our criminal justice system has long permitted a defendant to be found “guilty of any lesser offense necessarily included in the offense charged.” Schmuck v. United States, 489 U.S. 705, 717-18, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989) (emphasis added) (internal quotation marks omitted). California defines a lesser included offense as: “[w]here an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.” People v. Tinajero, 19 Cal. App.4th 1541, 24 Cal.Rptr.2d 298, 300 (1993). California courts determine whether an offense is necessarily included by reviewing whether “the facts actually alleged in the accusatory pleading[] include all the elements of the lesser offense, such that the greater [offense] cannot be committed without also committing the lesser [offense].” People v. Birks, 19 Cal.4th 108, 77 Cal.Rptr.2d 848, 960 P.2d 1073, 1078 (1998).
*1054 Ruiz-Vidal was charged with sale of methamphetamine under California Health and Safety Code § 11379(a) but pleaded to — and was convicted of — a “lesser included/reasonably related offense” to the charge under § 11377. Ruiz-Vidal admitted to the factual basis for his plea, and he never disputed that he was pleading to a lesser included offense of sale of methamphetamine. Thus, even based only on the limited documents we’re allowed to review, it’s clear that Ruiz-Vidal pleaded to possession of methamphetamine.
The dissent concedes there’s no reasonable dispute that Ruiz^-Vidal “actually possessed methamphetamine, as opposed to a drug that is not punishable under federal law,” but nonetheless argues that we cannot know whether he was “convicted of possessing methamphetamine,” as opposed to some other drug. Dissent at 1055. However, because possession of each different drug under California Health and Safety Code § 11377(a) constitutes an entirely separate offense, Coronado, 759 F.3d at 985, the indictment charged him with the specific offense of sale of methamphetamine, not sale of a controlled substance. A conviction for possession of any other drug couldn’t be a lesser included offense to sale of methamphetamine. The only way a conviction for “possession of a controlled substance” can be a lesser included offensé to the crime of “sale of methamphetamine” is if the drug the defendant is convicted of possessing is methamphetamine. Hence, so long as there is clear and convincing evidence that Ruiz-Vidal’s crime of conviction was a lesser included offense to Count 1, we can conclude he was convicted of possessing methamphetamine.
The dissent characterizes our holding as “a new exception” to the general “rule” that “when the record of conviction comprises only the indictment and the judgment, the judgment must contain the critical phrase 'as charged in the Information’ ” or otherwise “unambiguously specif[y] that Defendant pleaded guilty to a specific count.” Dissent at 1055-56 (emphasis added and omitted) (internal quotation marks omitted). But, the record of conviction here comprises more than just the indictment and judgment. In United States v. Vidal, there was no “transcript of the plea colloquy or any other memorialization of the factual basis for [the] plea,” 504 F.3d 1072, 1090 (9th Cir.2007). Here, we have the transcript of a plea colloquy that gives us a clear way to “connect the references to methamphetamine in the charging document with the conviction under Cal. Health & Safety Code § 11377(a).” Ruiz-Vidal, 473 F.3d at 1079. During the colloquy, the judge specifically asked whether there was a factual basis for the plea, which had been identified as a “lesser included offense of Count 1.” Ruiz-Vidal had ample opportunity to object to that characterization, but failed to do so. The only difference between this case and the numerous cases in which we have relied on the factual basis stipulated to during a plea colloquy is that the judge here didn’t use the word “methamphetamine.” But that’s irrelevant because, as we have shown, a possession conviction that is a lesser included offense to sale of methamphetamine can only be for possession of methamphetamine.
Finally, Ruiz-Vidal relies on an unpublished BIA opinion and Cisneros-Perez v. Gonzales, 465 F.3d 386 (9th Cir.2006) (as amended), to argue that we can’t rely on the record to . determine that his plea to a lesser included offense was for methamphetamine possession. But in Cisneros-Perez we concluded that the judgment record didn’t establish that Cisneros-Perez “necessarily pleaded no contest to the allegations in the original complaint” because “[i]t is not stated in any of the cognizable documents that the conviction for violating *1055 [the lesser included offense] stems from the same incident as the charges in the criminal complaint.” Id. at 393 (emphasis added). Here, the cognizable documents demonstrate that Ruiz-Vidal’s plea to the lesser included of Count 1 derives from the same incident as the Information, which explicitly referenced methamphetamine. Ruiz-Vidal’s record of conviction contains what Cisneros-Perez’s record of conviction lacked — a clear connection between the plea and the facts alleged in the charging document.
In their briefs urging panel rehearing or rehearing en banc, Ruiz-Vidal and amici argue for the first time that under California law, possession is not a lesser included offense of sale. But Ruiz-Vidal waived this argument: In his supplemental brief filed on December 20, 2013, he conceded that the “lesser included offense” characterization was correct “as a matter of law.”
Because there is clear and convincing evidence in the documents permissible for review that Ruiz-Vidal pleaded to — and was convicted of — possession of methamphetamine, a controlled substance, he is removable.
PETITION DENIED.