NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0101n.06

No. 15-3088

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 18, 2016
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

     ON APPEAL FROM THE UNITED
     STATES DISTRICT COURT FOR THE
     NORTHERN DISTRICT OF OHIO

MICHAEL ALEXANDER, JR.,

     Defendant-Appellant.

BEFORE:    NORRIS, CLAY, and COOK, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Michael Alexander, Jr. appeals the final judgment of conviction and sentence of the district court resentencing Defendant to 151 months' incarceration for possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). For the reasons that follow, we **AFFIRM** the sentence imposed by the district court.

## BACKGROUND

On August 28, 2012, Defendant was indicted in the Northern District of Ohio for possession with intent to distribute approximately 44 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant pled guilty pursuant to a written plea agreement on March 21, 2013. In the plea agreement, Defendant expressly retained his rights to attack his

sentence collaterally for ineffective assistance of counsel and to appeal any potential finding by the district court that he was a career offender.

The pre-sentence investigation report ("PSR") subsequently prepared stated that Defendant was a career offender under the United States Sentencing Guidelines on the basis of three prior felony convictions: two 2005 convictions in Ohio state court for gross sexual imposition and attempted inciting to violence, respectively, and a 2011 conviction in the United States District Court for the Northern District of Ohio for conspiracy to distribute cocaine. Accordingly, it set his offense level at 32 pursuant to the Career Offender Guideline, U.S.S.G. § 4B1.1(b)(3). His criminal history placed him in Category VI, the same level that would apply under the Career Offender Guideline. *Id.* After applying a three-level reduction for acceptance of responsibility, for a final level of 29, the PSR calculated a Guidelines range of 151–188 months.

In his sentencing memorandum, Defendant argued that the attempted inciting to violence conviction did not qualify as a crime of violence under the Guidelines, and that the 2005 convictions for attempted inciting to violence and gross sexual imposition counted as a single sentence because they were imposed on the same day, without any intervening arrest. The government responded that, regardless of whether the attempted inciting to violence and gross sexual imposition convictions counted as a single sentence, Defendant still had at least the two predicate offenses required to make him a career offender because of the 2011 conviction for conspiracy to distribute cocaine. The government attached to its sentencing memorandum the indictments and journal entries for the gross sexual imposition and attempted inciting to violence convictions, and the judgment in Defendant's prior conviction for conspiracy to distribute cocaine.

At the sentencing hearing on July 15, 2013, Defendant objected to the classification of the attempted inciting to violence conviction as a crime of violence. The district court declined to reach the issue, because it deemed gross sexual imposition and conspiracy to distribute cocaine convictions the necessary two predicate convictions for crimes of violence or controlled substance offenses required to classify Defendant as a career offender. Beginning with an offense level of 32 and a criminal history category of VI pursuant to the Career Offender Guideline, the district court applied a three-level reduction for acceptance of responsibility, and calculated a Guidelines sentence of 151–188 months before imposing a sentence of 151 months of imprisonment and three years of supervised release. Judgment was entered on July 17, 2013.

On August 4, 2014, Defendant filed a pro se habeas motion asking the district court to vacate his sentence under 28 U.S.C. § 2255.[1] He alleged ineffective assistance of counsel on two grounds: that trial counsel had failed both to file a direct appeal and to object to the classification of the gross sexual imposition and attempted inciting to violence convictions as predicate offenses for classification as a career offender. The district court appointed new counsel on November 24, 2014. After conducting an evidentiary hearing with Defendant's former trial counsel, the district court found that trial counsel had been ineffective for failing to file a direct appeal when Defendant had requested that he do so, but stayed resolution of the ineffective

---

[1] This motion was timely. 28 U.S.C. § 2255(f)(1) requires that motions pursuant to § 2255 be filed within one year of the sentence becoming final. A conviction becomes final when the time for filing a direct appeal elapses, which in this case is 14 days pursuant to F. R. App. P. 4(b)(1)(A)(i). *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Thus, the deadline to submit a motion was July 31, 2013. Because Defendant swore in his motion that he had given his motion to prison authorities for delivery on July 7, 2014 and provided a copy of a certified mail receipt showing that it was received by the district court on July 21, 2014, it was timely by operation of the prison mailroom rule, whereby documents may be timely filed if delivered to prison authorities for mailing prior to the filing deadline. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

assistance of counsel claim for failure to object to classification as a career offender. The district court ordered that Defendant be re-sentenced.

A brief resentencing hearing was held on January 23, 2015. At the resentencing, Defendant's new counsel stated that he wished to incorporate all of the objections entered at the original sentencing hearing and to object to the career offender finding and the predicate offenses listed in the PSR. The government requested that the district court reincorporate all of its previous arguments and filings from the prior proceedings. Although the court "incorporate[d]" Defendant's newly entered objections "as part of [the] resentencing," the district court did not disturb any of its prior holdings, and reimposed its prior sentence of 151 months of incarceration, followed by three years of supervised release. (R. 56, Tr. of Resentencing, Page ID 467.) Defendant now appeals.

## DISCUSSION

### Standard of review

We review *de novo* whether a crime constitutes a crime of violence for purposes of the career offender enhancement of the United States Sentencing Guidelines. *United States v. Cooper*, 739 F.3d 873, 877 (6th Cir. 2014). *See also United States v. Rodriguez*, 664 F.3d 1032, 1035 (6th Cir. 2011) (applying *de novo* review where defendant did not object below and the government did not request plain error review on appeal). In so doing, we employ the same analysis as when considering whether crimes constitute "violent felonies" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013) (deeming ACCA violent felony jurisprudence persuasive in this context).

**Analysis**

**A.      The Career Offender Guideline and the *Johnson* Decision**

The United States Sentencing Guidelines allow a defendant to be adjudged a career

offender if

(1) the defendant was at least eighteen years old at the time the defendant
    committed the instant offense of conviction;
(2) the instant offense of conviction is a felony that is either a crime of violence
    or a controlled substance offense; and
(3) the defendant has at least two prior felony convictions of either a crime of
    violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  A "crime of violence" is defined in U.S.S.G. § 4B1.2(a) as "any offense

under federal or state law, punishable by imprisonment for a term exceeding one year, that—"

(1) has as an element the use, attempted use, or threatened use of physical
    force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives,
    or otherwise involves conduct that presents a serious potential risk of
    physical injury to another.

Note 1 of the application notes to U.S.S.G. § 4B1.2 states, "'Crime of violence' includes murder,

manslaughter, kidnapping, aggravated assault, *forcible sex offenses*, robbery, arson, extortion,

extortionate extension of credit, and burglary of a dwelling" (emphasis added).

Until recently, prior convictions could be classified as predicate offenses for

classification as a career offender in one of three ways: the crime (1) involved physical force,

(2) was one of the enumerated offenses such as burglary, or (3) was held to involve a serious risk

of physical injury to another.  In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme

Court held the identically worded residual clause of the Armed Career Criminal Act, 18 U.S.C.

924(e)(2)(B)(ii), to be unconstitutionally vague.

The government no longer argues that Defendant's attempted inciting to violence

conviction, which would have come under the residual clause, can be a predicate offense for

purposes of the Career Offender Guideline. The question remains, however, whether the district court erred in finding Defendant's conviction for gross sexual imposition to be a predicate offense for career offender classification. Although gross sexual imposition is not one of the offenses listed in the enumerated offense clause of the Guideline itself—even though forcible sex offenses are listed in the application notes—it constitutes a predicate offense if it necessarily involved physical force as one of the elements of the offense for which Defendant was convicted.

**B.**      **The Categorical and Modified Categorical Approach to Determining Crimes of Violence**

In general, courts apply a so-called categorical approach to determine whether a prior conviction constitutes a crime of violence. The categorical approach looks to whether a statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Denson*, 728 F.3d 603, 608 (6th Cir. 2013) (quoting U.S.S.G. § 4B1.2(a)(1)). This inquiry "focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *Id.* at 607.

When a prior conviction is for a "divisible statute" setting out several alternative elements, only some of which involve physical force, courts employ the "modified categorical approach," whereby the sentencing court may consult certain documents, known as *Shepard* documents, to try to determine which element of the statute led to the prior conviction. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (discussing the modified categorical approach in the context of Armed Career Criminal Act violent felony determinations). The modified categorical approach is appropriate where a statute "could be violated in a way that would constitute a crime of violence and in a way that would not." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012). The documents to be consulted include the

"charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* (quoting *Shepard v. United States*, 544 U.S 13, 26 (2005)). Sentencing courts may also look to journal entries when analyzing predicate offenses for Career Offender Guideline purposes. *United States v. Sanders*, 470 F.3d 616, 624 (6th Cir. 2006). With that in mind, we turn to the Ohio gross sexual imposition statute itself, Ohio Rev. Code § 2907.05, which reads, in relevant part:

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

    (1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.

    (2) For the purpose of preventing resistance, the offender substantially impairs the judgment or control of the other person or of one of the other persons by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.

    (3) The offender knows that the judgment or control of the other person or of one of the other persons is substantially impaired as a result of the influence of any drug or intoxicant administered to the other person with the other person's consent for the purpose of any kind of medical or dental examination, treatment, or surgery.

    (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

    (5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age.

(B) No person shall knowingly touch the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, whether or not the offender knows the age of that person, and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

The Ohio Revised Code defines "force" as "any violence, compulsion, or constraint *physically exerted* by any means upon or against a person or thing." Ohio Rev. Code § 2901.01(A)(1) (emphasis added). Depending on which subsection of the statute is violated, gross sexual imposition is a felony of the third or fourth degree, punishable by 12–60 or 6–18 months, respectively. Ohio Rev. Code §§ 2907.05(C), 2929.14(A).

Defendant relies on *United States v. Wynn*, 579 F.3d 567 (6th Cir. 2009), to argue that gross sexual imposition, viewed categorically, is not a crime of violence because no element of the statute requires the use, attempted use, or threatened use, of physical force. Not only is *Wynn* distinguishable because the sexual battery statute at issue in that case nowhere mentioned force, but Defendant ignores the statutory definition of force as physical exertion. Because subsection (A)(1) of the gross sexual imposition statute necessarily requires physical force, whereas the other subsections do not, the modified categorical approach is appropriate here. Thus, we must look to the available *Shepard* documents to determine which subsection of the gross sexual imposition statute Defendant violated, and whether his 2005 conviction was for a crime of violence for purposes of the Career Offender Guideline.

### C.     Defendant's 2005 Gross Sexual Imposition Conviction

Defendant was indicted on January 26, 2005 for rape pursuant to Ohio Rev. Code 2907.02. The indictment alleged that he had "engaged in sexual conduct with Jane Doe . . . by purposely compelling her to submit by the use of force or threat of force." The language of the indictment tracks Ohio Rev. Code § 2907.02(A)(2), a subsection of the Ohio rape statute, which prohibits "engag[ing] with another when the offender purposely compels the other person to submit by force or threat of force." Without specifying which subsection of the gross sexual imposition statute Defendant violated, the sentencing judge accepted Defendant's guilty plea of

gross sexual imposition, which it termed in its journal entry "the lesser included offense under Count(s) 1 of the indictment." (R. 29–1, GSI Journal Entry, Page ID 253.)

Ohio courts employ a three-part test to determine when one offense is a lesser included offense of another: "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *State v. Evans*, 122 Ohio St. 3d 381, 383 (2009) (quoting *State v. Deem*, 40 Ohio St. 3d 205, 206, (1988)). Count 1 of the indictment alleged that Defendant "engag[ed] in sexual conduct . . . by purposely compelling [Jane Doe] to submit by the use of force or threat of force." (R. 29–1, GSI Indictment, Page ID 251.) As defined in Ohio Rev. Code §§ 2907.01(A) and (B), "sexual conduct" consists of genital intercourse and oral sex, while "sexual contact" covers "any touching of an erogenous zone of another;" therefore, all sexual conduct is sexual contact. *See State v. Johnson*, 36 Ohio St. 3d 224 (1988) (considering gross sexual imposition of a child under 13 pursuant to be a lesser included offense to rape of a child under 13 where statutes differed only as to the requirement of sexual conduct versus sexual contact). The government is correct that the only subsection of the gross sexual imposition statute that could be a lesser included offense of the precise conduct alleged in Count 1 of the indictment is § 2907.05(A)(1), which prohibits sexual *contact* in which "[t]he offender purposely compels the other person . . . to submit by force or threat of force." This subsection of the gross sexual imposition statute simply takes § 2907.02(A)(2) of the rape statute and reduces the requirement from sexual conduct to sexual contact.

Defendant argues that even this subsection of the statute does not necessarily have physical force as an element because one could be convicted of § 2907.05(A)(1) by a showing of

only "psychological pressure." (Pl.'s Br. at 26.) According to Defendant, "force," the operative term in § 2907.05(A)(1), encompasses "physical force," which can trigger the Career Offender Guideline, as well as other types of force, such as "intellectual force" and "emotional force," which cannot. *See Johnson v. United States*, 559 U.S. 133, 138 (2010).

Defendant rests his argument about non-physical force solely on cases involving substantial disparities in age and/or authority, such as sexual abuse of prisoners by a correctional officer, or rape or gross sexual imposition of a minor child by an adult such as a parent, step-parent, or adult family friend.[2] Normally, however, Ohio courts require a showing that the defendant "use[d] *physical* force against" the victim, or "create[d] the belief that *physical* force w[ould] be used if the victim d[id] not submit." *State v. Schaim*, 65 Ohio St. 3d 51, 55 (1992) (emphases added). The physical force requirement was first relaxed in a case involving the vaginal rape of a four-year-old girl by her father. *See State v. Eskridge*, 38 Ohio St. 3d 56 (1988). In justifying its holding, the Ohio Supreme Court reasoned that

> [t]he force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other. With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size and strength.

---

[2] Defendant cites *State v. Fortson*, No. 92337, 2010 WL 2106010 (Ohio Ct. App. 8th Dist. May 27, 2010) (extending force exemption to rape and gross sexual imposition of inmates by a correctional officer); *State v. Garner*, No. 89840, 2008 WL 1822413 (Ohio Ct. App. 8th Dist. Apr. 24, 2008) (mother's boyfriend fondled buttocks of fifteen-year-old through a comforter and raped a five-year-old); *State v. Milam*, No. 86268, 2006 WL 2639448 (Ohio Ct. App. 8th Dist. Sept. 14, 2006) (rape of defendant's son's thirteen-year-old friend); *State v. Riggs*, Nos. 04AP–1279, 04AP–1280, 2005 WL 2403963 (Ohio Ct. App. 10th Dist. Sept 30, 2005) (step-grandfather asked step-granddaughter, under thirteen, to touch his genitals); *State v. Drayer*, 159 Ohio App. 3d 189, 823 N.E. 492, 2004–Ohio–6120 (adult neighbor touched fourteen-year-olds' breasts and then physically restrained one girl from leaving); *State v. Dye*, 82 Ohio St. 3d 323 (1998) (rape by forty-four-year-old of a friend's nine-year-old son).

*Id.* at 56. The exception to the physical force requirement is a limited one; in *Schaim*, the Ohio Supreme Court held that the exception to the physical force requirement was "based solely on the recognition of the amount of control that parents have over" young children, and declined to allow a pattern of incest to substitute for the requirement of physical force in the alleged rape of a twenty-year-old by her father. 65 Ohio St. 3d at 55.

From the information contained in the 2005 state court indictment and the PSR, which listed the victim's and Defendant's dates of birth, the two appear to have been close in age and the limited exception to the physical force requirement would therefore not apply. Thus, Defendant's 2005 conviction for gross sexual imposition under Ohio Rev. Code § 2907.05(A)(1) was for an offense that had as an element "the use, attempted use, or threatened use of physical force" and was therefore a crime of violence as defined in U.S.S.G. § 4B1.2(a).

This result is consistent with the inclusion of "forcible sex offenses" in the enumeration of "crimes of violence" in the application notes to the definition section relevant to the Career Offender Guideline. *See* U.S.S.G. § 4B1.2 cmt., n.1. This Court has relied in the past on the enumeration of offenses in the application notes to U.S.S.G. § 4B1.2 when reviewing career offender sentence enhancements. *See United States v. Wood*, 209 F.3d 847, 851 (6th Cir. 2000) (holding conviction for robbery under Alabama statute a crime of violence both because the statute involved physical force and because robbery was one of the enumerated offenses in Comment, Note 1 to U.S.S.G. § 4B1.2). Relying on *Wynn*, 579 F.3d 567, Defendant contends that we have already rejected the argument that the application note cannot support the classification of a "generic gross sexual imposition conviction" as a crime of violence. (Def.'s Br. at 27). However, *Wynn*, in addition to considering the sexual battery statute, merely declined to import an emendation of the definition of "forcible sex offense" in the commentary to a

section of the Guidelines pertaining to unlawful entry into the United States into the enumeration of "crimes of violence" in the commentary to the Career Offender Guideline. 579 F.3d at 574–75.

### D. Application of the Career Offender Guideline

Pursuant to U.S.S.G. § 4B1.1(a), a defendant is a career offender if three conditions are met:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

There is no question that Defendant was over eighteen when he committed the offense of heroin possession with intent to distribute that led to this appeal, or that the instant offense is a controlled substance offense. The government has also established that Defendant has the requisite two prior convictions: the 2005 gross sexual imposition, a crime of violence punishable by more than one year in prison, and the 2011 conviction for conspiracy to distribute cocaine, a controlled substance felony. Therefore, the district did not err in applying the career offender enhancement.

### CONCLUSION

For the reasons stated above, we **AFFIRM** the sentence imposed by the district court.