**NOT FOR PUBLICATION**
File Name: 17a0117n.06

**15-3088**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff-Appellee, | **FILED** |
| | Feb 22, 2017 |
| v. | DEBORAH S. HUNT, Clerk |
| | **ORDER** |
| **MICHAEL ALEXANDER, JR.,** | |
| Defendant-Appellant. | |

BEFORE:  NORRIS, CLAY, and COOK, Circuit Judges.

Defendant Michael Alexander, Jr. appeals the final judgment of conviction and sentence of the district court resentencing Alexander to 151 months' incarceration for possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Supreme Court granted certiorari to consider Alexander's claims in *Alexander v. United States*, 137 S. Ct. 295 (2016). Consequently, the Supreme Court vacated our judgment in *United States v. Alexander*, 642 F. App'x 506 (6th Cir. 2016), and remanded back to the Sixth Circuit for further consideration in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). Having reviewed the relevant legal authority and the record herein, we hereby determine that this case shall be **REMANDED** to the district court for resentencing for the reasons set forth below.

Alexander was originally sentenced as a career offender under the United States Sentencing Guidelines because of his prior convictions for, *inter alia*, gross sexual imposition, in violation of Ohio Rev. Code § 2907.05. We determined that Ohio's aforementioned gross sexual

imposition statute that had as an element "the use, attempted use, or threatened use of physical force" and was, therefore, a crime of violence as defined in U.S.S.G. § 4B1.2(a). In light of *Mathis*, however, that conclusion is no longer valid.

When determining which crimes fall within § 4B1.2(a), federal courts use the "categorical approach." *United States v. Covington*, 738 F.3d 759, 762 (6th Cir. 2014). This approach requires a court to look only to the fact of conviction and the statutory definition of the prior offense and not to the particular facts underlying that conviction. *See United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). As the Supreme Court explained in *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013), in cases where a statute lists alternative elements, the statute is divisible. When faced with a divisible statute, where one alternative will qualify as a predicate offense and another will not, courts should apply the "modified categorical approach" and "look beyond the statutory elements to 'the charging paper and jury instructions' used in a case." *Id.* at 2283–84 (quoting *Taylor*, 495 U.S. at 602). In examining Ohio's gross sexual imposition statute, we determined that the statute was divisible and applied the modified categorical approach.

In applying the modified categorical approach, may look beyond the statutory elements only in order to determine which version of the crime a defendant violated, and not to determine the facts underlying the actual conviction. *Covington*, 738 F.3d at 762–63. The court must then ask whether the defendant's offense of conviction, as a category, is a crime of violence. *Descamps*, 133 S. Ct. at 2287 (noting that the statute functions as an "on-off switch, directing that a prior crime would qualify as a predicate offense in all cases or in none."). If that offense "sweeps more broadly" and "criminalizes a broader swath of conduct" than would meet the use, attempted use, or threatened use of physical force prong, then the offense as category, is not a

crime of violence. *Covington*, 738 F.3d at 764 (quoting *Descamps*, 133 S. Ct. at 2281, 2283). As *Mathis* reaffirms, it is "impermissible for 'a particular crime [to] sometimes count towards enhancement and sometimes not, depending on the facts of the case.'" *Mathis*, 136 S. Ct. at 2251 (quoting *Taylor*, 495 U.S. at 601).

With respect to Ohio's gross sexual imposition statute, we examined the charging documents and concluded that Alexander pleaded guilty to the lesser included offense of "purposely compel[ling] the other person, or one of the other persons, to submit by force or threat of force." Ohio Rev. Code § 2907.05(A)(1). There are a number of cases arising in the Ohio courts that have affirmed convictions for gross sexual imposition where actual physical force is not implicated. *See*, *e.g., State v. Dye*, 695 N.E.2d 763, 768 (Ohio 1998) (explaining that "force or threat of force" may sometimes be found "without evidence of express threat of harm or evidence of significant physical restraint."); *State v. Eskridge*, 526 N.E.2d 304 (Ohio 1998) (finding that force "need not be overt and physically brutal, but can be *subtle* and *psychological*") (emphasis added). Although none of the cases[1] cited by Alexander contain facts similar to those of his predicate conviction, the Supreme Court has unequivocally held that this Court must only look at the offense and determine whether as a category, all convictions under the statute qualify as crimes of violence. And upon our review of the case law, we cannot say that all convictions for the crime of gross sexual imposition constitute crimes of violence. Therefore, we conclude that gross sexual imposition does not qualify as a predicate offense

---

[1] Alexander cites *State v. Fortson*, No. 92337, 2010 WL 2106010 (Ohio Ct. App. May 27, 2010) (finding that a corrections officer can be convicted for the use or threatened use of psychological force); *State v. Garner*, No. 89840, 2008 WL 1822413 (Ohio Ct. App. Apr. 24, 2008) (finding that a lesser showing of force may be sufficient given the inherent coercion in parental authority when a parent abuses his or her child); *State v. Milam*, No. 86268, 2006 WL 2639448 (Ohio Ct. App. Sept. 14, 2006) (applying the same to a rape involving the defendant's son's thirteen-year old friend); *State v. Riggs*, Nos. 04AP–1279, 04AP–1280, 2005 WL 2403963 (Ohio Ct. App. Sept 30, 2005) (implying the use of force when a step-grandfather asked step-granddaughter, who was under the age of thirteen, to touch his genitals).

under the Guidelines, and **REMAND** to the district court for resentencing in a manner not inconsistent with this order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk